**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS WILLIAM CASWELL,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:18-1589** |
| **v.** | : | **(JUDGE MANNION)** |
| **SUPERINTENDENT MOONEY,** | : | |
| **Respondent** | : | |

**<u>MEMORANDUM</u>**

Petitioner, Thomas William Caswell, an inmate confined in the State Correctional Institution, Chester, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). He challenges his guilty plea entered in the Court of Common Pleas of York County. Id. The petition is ripe for disposition. For the reasons outlined below, the petition will be denied.

I.   **<u>Background</u>**

The factual and procedural background of this case has been extracted from the Pennsylvania Superior Court's September 28, 2017 Memorandum

Opinion, affirming the PCRA court's denial of Petitioner' PCRA petition, and is as follows:

> On September 17, 2015, Appellant went to the home of his neighbor ("Victim") because Appellant was upset that Victim parked too close to Appellant's wife's car. Appellant knocked on Victim's door, exchanged words with Victim, shoved Victim inside his home, and punched Victim repeatedly. Victim suffered a broken cheekbone, chipped/broken teeth, and other injuries. The Commonwealth charged Appellant with aggravated assault, two counts of simple assault, burglary, disorderly conduct, public drunkenness, and defiant trespass.

> On February 29, 2016, Appellant entered a negotiated guilty plea to burglary in exchange for the Commonwealth's withdrawal of the remaining charges and a recommended sentence of five to ten years' imprisonment. Appellant executed a written guilty plea colloquy confirming his plea was voluntary. The court also conducted an oral plea colloquy, during which Appellant admitted he "got in a situation [with Victim] over a parking space," "went to [Victim's] house, knocked on his door," "pushed [Victim and] got into a physical altercation inside [Victim's] house." (N.T. Guilty Plea Hearing, 2/29/16, at 4). Appellant also stated he opened the door to Victim's home, had not been invited inside, and intended to have a physical altercation with Victim when he entered Victim's residence. (**Id**. at 4-5). At the conclusion of the plea colloquy, the court accepted Appellant's guilty plea as knowing, intelligent, and voluntary, and imposed the recommended sentence of five to ten years' imprisonment.

> On March 15, 2016, plea counsel filed, on Appellant's behalf, a post-sentence motion to withdraw the guilty plea *nunc pro tunc*. Plea counsel also requested to withdraw as counsel because Appellant had alleged that plea counsel coerced Appellant's guilty plea. The court accepted the *nunc pro tunc* filing, appointed new counsel, and scheduled a hearing on the post-sentence motion. The court held a hearing on Appellant's post-sentence motion on June 9, 2016, at which Appellant and plea counsel testified. Appellant testified, inter alia: (1) plea counsel told

Appellant that if he proceeded to trial and a jury convicted him, Appellant could face a longer sentence of seven to fourteen or twelve to fourteen years' imprisonment; (2) Appellant was in a state of paranoia when plea counsel told Appellant he could face such a lengthy sentence; (3) Appellant figured he would just plead guilty because five to ten years' imprisonment was more favorable than seven or twelve to fourteen years' imprisonment; (4) Appellant did not have his glasses with him when he executed the written guilty plea colloquy; (5) Appellant did not understand what he was signing; (6) plea counsel told Appellant, "we are in a hurry" and encouraged Appellant to complete the plea colloquy quickly; (7) plea counsel told Appellant to tell the court he intended to steal when he entered Victim's premises, so the court would accept his guilty plea; (8) Appellant is innocent of burglary because he did not rob Victim, steal from Victim, or break Victim's door; (9) counsel only visited Appellant twice in prison; and (10) plea counsel coerced Appellant to plead guilty under these circumstances. (N.T. Motion to Withdraw Guilty Plea Hearing, 6/9/16, at 6- 32).

Plea counsel testified, *inter alia*: (1) he visited Appellant in prison four times, to the best of counsel's recollection; (2) counsel reviewed discovery with Appellant and discussed the options of going to trial or pleading guilty; (3) plea counsel discussed Appellant's prior record score and the offense gravity scores of the crimes charged and informed Appellant about the possible sentences he could face in light of those scores; (4) the Commonwealth initially offered Appellant a plea deal of seven to fourteen years' imprisonment if Appellant pled guilty to aggravated assault; (5) plea counsel negotiated with the prosecutor to secure a more favorable plea deal of five to ten years' imprisonment for a guilty plea to burglary; (6) when plea counsel told Appellant the Commonwealth's offer of five to ten years' imprisonment, Appellant said: "I'll just take it"; (7) counsel reviewed the written plea colloquy with Appellant, and Appellant executed the colloquy; (8) Appellant gave no indication that he did not understand what he was doing; (9) plea counsel did not instruct Appellant to tell the court he entered Victim's home with the intent to steal; and (10) Appellant gave no indication to counsel that Appellant did not want to plead guilty but he did

- 3 -

express dissatisfaction with the length of the sentence. (**Id**. at 32-48).

At the conclusion of the hearing on Appellant's motion to withdraw his plea, the court stated:

> [Appellant's] claim today [is] that he was coerced into entering his plea of guilty. We find that he has not established that by any evidence. We have reviewed again today the guilty plea colloquy which [Appellant] signed. He has indicated that all of the answers contained therein were written by himself. We have further reviewed the transcript of the verbal colloquy that this [c]ourt entered into directly with [Appellant] and based on that verbal colloquy, this [c]ourt made a finding that [Appellant] had knowingly, voluntarily, and intelligently waived his right to trial. It appears that [Appellant] is not happy with the length of his sentence. But we do not believe that he has established any basis to withdraw his guilty plea and we deny the motion.

(**Id**. at 49). Appellant did not file a direct appeal.

On July 25, 2016, Appellant timely filed a *pro se* PCRA petition, alleging plea counsel unlawfully induced his guilty plea. The court appointed counsel ("PCRA counsel"), who filed an amended PCRA petition on November 10, 2016. On January 17, 2017, the Commonwealth filed a motion to dismiss, claiming Appellant was ineligible for PCRA relief because he had already litigated the same issue before the trial court in his post-sentence motion. The court held a PCRA hearing on February 3, 2017, at which the parties agreed to incorporate the testimony from the June 9, 2016 hearing on Appellant's motion to withdraw his guilty plea. The court denied the Commonwealth's motion to dismiss, based on the court's conclusion that the issue had not been "previously litigated," as defined in the PCRA. The court denied PCRA relief on the merits. Appellant timely filed a notice of appeal on February 17, 2017. On February 24, 2017, the court ordered Appellant to file a concise statement of errors complained of on

appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on March 8, 2017.

Commonwealth v. Caswell, No. 309 MDA 2017, unpublished memorandum (Pa. Super. filed Sept. 28, 2017)). On appeal, Petitioner raised the single issue that his plea counsel coerced him to accept the Commonwealth's offer of five to ten years' imprisonment by telling him he could face a much greater sentence if a jury convicted him. Id. By Memorandum Opinion dated September 28, 2017, the Pennsylvania Superior Court, following an independent examination of the record, determined that Petitioner's ineffectiveness claim lacked arguable merit, Petitioner's appeal was frivolous, affirmed the PCRA court's denial and granted counsel's petition to withdraw. Id.

Thereafter, Caswell timely filed the instant petition pursuant to 28 U.S.C. §2254.

## II.  **Grounds For Relief**

Caswell asserts the following two grounds of ineffective assistance of counsel for relief:

1. Counsel failed to investigate the alleged victim assaulting Petitioner by spitting in Petitioner's face.

2. Counsel coerced Petition into taking a plea that Petitioner was uncomfortable to take.

- 5 -

(Doc. 1 at 5-6).

## III. Legal Standards

### A. Exhaustion and Procedural Default

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") grants to persons in state or federal custody the right to file a petition in a federal court seeking the issuance of a writ of habeas corpus. See 28 U.S.C. §2254. Pursuant to AEDPA:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of applicant.

28 U.S.C. §2254(b)(1). The exhaustion requirement is rooted in considerations of comity, to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. See Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose v. Lundy, 455 U.S. 509, 518 (1982); Leyva v. Williams, 504 F.3d 357, 365 (3d Cir. 2007); Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

Respect for the state court system requires that the habeas petitioner demonstrate that the claims in question have been "fairly presented to the state courts." Castille, 489 U.S. at 351. To "fairly present" a claim, a petition must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." McCandless v. Vaughn, 172 F.3d 225, 261 (3d Cir. 1999); see also Nara v. Frank, 488 F.3d 187, 197-98 (3d Cir. 2007) (recognizing that a claim is fairly presented when a petitioner presents the same factual and legal basis to the state courts). A state prisoner exhausted state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Pennsylvania, one complete round includes presenting the federal claim through the Superior Court on direct or collateral review. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004). The habeas petition bears the burden of proving exhaustion of all state remedies. Boyd v. Waymart, 579 F.3d 330, 367 (2009).

If a habeas petition contains unexhausted claims, the federal district court must ordinarily dismiss the petition without prejudice so that the petitioner can return to state court to exhaust his remedies. Slutzker v.

Johnson, 393 F.3d 373, 379 (3d Cir. 2004). However, if state law would clearly foreclose review of the claims, the exhaustion requirement is technically satisfied because there is an absence of state corrective process. See Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002); Lines v. Larkin, 208 F.3d 153, 160 (3d Cir. 2000). The failure to properly present claims to the state court generally results in a procedural default. Lines, 208 F.3d at 159-60. The doctrine of procedural default bars federal habeas relief when a state court relies upon, or would rely upon, "'a state law ground that is independent of the federal question and adequate to support the judgment'" to foreclose review of the federal claim. Nolan v. Wynder, 363 F. App'x 868, 871 (3d Cir. 2010) (not precedential) (quoting Beard v. Kindler, 558 U.S. 53, 53 (2009)); see also Taylor v. Horn, 504 F.3d 416, 427-28 (3d Cir. 2007) (citing Coleman v. Thompson, 501 U.S. 722, 730 (1991)).

The requirements of "independence" and "adequacy" are distinct. Johnson v. Pinchak, 392 F.3d 551, 557-59 (3d Cir. 2004). State procedural grounds are not independent, and will not bar federal habeas relief, if the state law ground is so "interwoven with federal law" that it cannot be said to be independent of the merits of a petitioner's federal claims. Coleman, 501 U.S. at 739-40. A state rule is "adequate" for procedural default purposes if it is "firmly established and regularly followed." Johnson v. Lee, —— U.S. ——

—, 136 S. Ct. 1802, 1804, 195 L.Ed.2d 92 (2016) (*per curiam*) (citation omitted). These requirements ensure that "federal review is not barred unless a habeas petitioner had fair notice of the need to follow the state procedural rule," Bronshtein v. Horn, 404 F.3d 700, 707 (3d Cir. 2005), and that "review is foreclosed by what may honestly be called 'rules' ... of general applicability[,] rather than by whim or prejudice against a claim or claimant." Id. at 708.

Like the exhaustion requirement, the doctrine of procedural default is grounded in principles of comity and federalism. As the Supreme Court has explained:

> In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

Edwards v. Carpenter, 529 U.S. 446, 452-53 (2000).

Federal habeas review is not available to a petitioner whose constitutional claims have not been addressed on the merits by the state courts due to procedural default, unless such petitioner can demonstrate: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a

- 9 -

fundamental miscarriage of justice. Id. at 451; Coleman, 501 U.S. at 750. To demonstrate cause and prejudice, the petitioner must show some objective factor external to the defense that impeded counsel's efforts to comply with some state procedural rule. Slutzker, 393 F.3d at 381 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). To demonstrate a fundamental miscarriage of justice, a habeas petitioner must typically demonstrate actual innocence. Schlup v. Delo, 513 U.S. 298, 324-26 (1995).

### B. Merits Review

The AEDPA increased the deference federal courts must give to the factual findings and legal determinations of the state courts. Woodford v. Viscotti, 537 U.S. 19, 24 (2002); Werts, 228 F.3d at 196. Pursuant to 28 U.S.C. §2254(d), as amended by AEDPA, a petition for habeas corpus may be granted only if: (1) the state court's adjudication of the claim resulted in a decision contrary to, or involved an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) the adjudication resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1)-(2). Factual issues determined by a state court are presumed to be correct, and the petitioner

bears the burden of rebutting this presumption by clear and convincing evidence. Werts, 228 F.3d at 196 (citing 28 U.S.C. §2254(e)(1)).

The Supreme Court has explained that, "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000); see also Hameen v. State of Delaware, 212 F.3d 226, 235 (3d Cir. 2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Hameen, 212 F.3d at 235 (citing Williams, 529 U.S. at 388-89). "In further delineating the 'unreasonable application' component, the Supreme Court stressed that an unreasonable application of federal law is different from an incorrect application of such law and that a federal habeas court may not grant relief unless that court determines that a

- 11 -

state court's incorrect or erroneous application of clearly established federal law was also unreasonable." Werts, 228 F.3d at 196 (citation omitted).

## IV.  Discussion

### A. Ground One – Procedurally Defaulted

Petitioner claims that trial counsel was ineffective for failing to investigate whether the victim had spit in Petitioner's face prior to the altercation escalating. (Doc. 1 at 5). This claim is unexhausted and procedurally defaulted.

As noted above, a petitioner must exhaust his federal constitutional claims in state court before raising them in a federal habeas petition. 28 U.S.C. §2254(b)(1); Castille, 489 U.S. at 349; Rose, 455 U.S. at 518. A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Pennsylvania, includes review at least through the Superior Court. O'Sullivan, 526 U.S. at 845; Lambert, 387 F.3d at 233–34. The failure to properly present claims to the state court generally results in a procedural default. Lines, 208 F.3d at 165–66. A federal court is precluded from reviewing the merits of a procedurally defaulted claim if the state courts relied

on an independent and adequate state ground to foreclose review of the federal claim. Beard, 558 U.S. at 53.

Here, Petitioner has not presented Ground One through one complete round of Pennsylvania's established appellate review process. O'Sullivan, 526 U.S. at 845. Petitioner's sole claim on appeal before the Superior Court was that plea counsel was ineffective for forcing him to enter into a guilty plea involuntarily. (Doc. 14-1, Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b). Thus, Petitioner's Ground One claim has not completed one full round of the State's appellate review process. Accordingly, Petitioner's Ground One claim is unexhausted and procedurally defaulted as Petitioner would now be precluded from raising it under the PCRA statute of limitations and Pennsylvania's PCRA waiver rule, 42 Pa.C.S. §9544(b).[1] The waiver rule codified at §9544(b) is an independent and adequate state rule which bars federal habeas review. Patton v. Sup't Graterford SCI, 2017 WL 5624266, at *1 (3d Cir. 2017) ("[T]he state court's reliance on 42 Pa. Cons. Stat. §9544(b) provides an independent and adequate ground to support the judgment."). There is no question that the

---

[1] 42 Pa. Cons. Stat. §9544(b) provides: "For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."

Pennsylvania courts would not entertain the claim at this juncture. Hence, Petitioner's Ground One claim is procedurally defaulted. See McCandless, 172 F.3d at 260. Caswell does not allege cause or prejudice. Nor does he allege that lack of review by this court will constitute a fundamental miscarriage of justice. Consequently, habeas review of this claim is foreclosed.

### B. Ground Two – Merits Analysis

Petitioner's second ground for relief claims that plea counsel was ineffective by forcing him to enter into a guilty plea involuntarily. (Doc. 1 at 6). Specifically, he claims that counsel was "being forceful to the Petitioner by stating that if the Petitioner does not agree to this 'plea offer' he could face more time in a state prison." Id. This is the same issue that Petitioner presented to the PCRA court and Superior Court for review and is properly before this Court for review on the merits.

To establish an ineffective assistance of counsel claim, a habeas petitioner must show that: (1) trial counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The Strickland test is conjunctive, and a habeas petition must establish both the deficient performance prong

and the prejudice prong.[2] See id. at 687; Rainey v. Varner, 603 F.3d 189, 197 (3d Cir. 2010).

Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. Id. at 687–89. This requires a showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Harrington v. Richter, 562 U.S. 86, 104 (2001) (quoting Strickland, 466 U.S. at 687). Indeed, a federal habeas court is "required not simply to give the attorney the benefit of the doubt, but to affirmatively entertain the range of possible reasons petitioner's counsel may have had for proceeding as he did." Branch v. Sweeney, 758 F.3d 226, 235 (3d Cir. 2014) (quoting Cullen v. Pinholster, 131 S. Ct. 1388, 1407 (2011)) (alterations omitted).

To establish prejudice in the context of a guilty plea, a petitioner must "show [that] the outcome of the plea process would have been different with

---

[2] When the state court has decided the claim on the merits, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold'." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)). "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Id.

competent advice." Lafler v. Cooper, 566 U.S. 156, 163 (2012); see also Hill v. Lockhart, 474 U.S. 52, 59 (1985) (requiring a petitioner to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"). A petitioner makes this showing by establishing not only that he would not have pleaded guilty and instead would have proceeded to trial if he had been properly advised, but also that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

The Superior Court stated that the proper standard governing ineffective assistance of counsel claims as follows:

> To prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. **Commonwealth v. Turetsky**, 925 A.2d 876 (Pa.Super. 2007), appeal denied, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. Id. at 880. "The petitioner bears the burden of proving all three prongs of the test." **Id**

Commonwealth v. Caswell, No. 309 MDA 2017, slip op. at 10 (unpublished memorandum) (Pa. Super. filed Sept. 28, 2017)). The Third Circuit has specifically held that the very ineffectiveness assistance of counsel test

- 16 -

relied upon by the Superior Court in this matter is not contrary to the Supreme Court's Strickland standard. See Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000). Thus, we find that the Superior Court's decision is not contrary to Strickland.

Petitioner's claim of ineffective assistance of counsel is that because he was coerced into the guilty plea by counsel, his guilty plea was involuntary, unknowing, and unintelligent. With regard to a challenge to a guilty plea in a federal habeas action, our Supreme Court has stated the following:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

United States v. Broce, 488 U.S. 563, 569 (1989). See also Lesko v. Lehman, 925 F.2d 1527, 1537 (3d Cir. 1991). The voluntariness of a plea can only be determined by considering all of the relevant circumstances surrounding it. Brady v. United States, 397 U.S. 742, 749 (1970).

The Pennsylvania Superior Court applied the following similar standard of review:

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Commonwealth v. Moser**, 921 A.2d 526, 531 (Pa.Super. 2007) (internal citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Id**. Pennsylvania law does not require the defendant to "be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." **Id**. at 528-29. A guilty plea will be deemed valid if the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. **Commonwealth v. Fluharty**, 632 A.2d 312 (Pa.Super. 1993). Pennsylvania law presumes the defendant is aware of what he is doing when he enters a guilty plea, and the defendant bears the burden to prove otherwise. **Commonwealth v. Pollard**, 832 A.2d 517, 523 (Pa.Super. 2003). Mere disappointment in the sentence does not constitute the necessary "manifest injustice" to render the defendant's guilty plea involuntary. **Id**. at 522.

Caswell, No. 309 MDA 2017, slip op. at 10-11.

In this case, the findings of the Superior Court with respect to the voluntariness of Petitioner's plea are sound and based upon on the admissions of Petitioner made at the time of his plea. In rendering its decision on the voluntariness of Petitioner's guilty plea, the Superior Court found the following:

The record shows Appellant executed a written guilty plea colloquy affirming that his decision to plead guilty was knowing, intelligent, and voluntary. As well, the court performed a thorough oral plea colloquy, during which Appellant expressed no

- 18 -

reservations about his decision to plead guilty. Appellant explained the factual basis for his plea to burglary, stating he "got in a situation [with Victim] over a parking space," "went to [Victim's] house, knocked on his door," "pushed [Victim and] got into a physical altercation inside [Victim's] house." (N.T. Guilty Plea Hearing at 4). Appellant also said he opened the door to Victim's home, had not been invited inside, and intended to have a physical altercation with Victim when he entered Victim's premises. (**Id**. at 4-5). Contrary to Appellant's assertions, Appellant did not say on the record that he entered Victim's home to commit a theft; and the intent to commit a theft is not required for a burglary conviction in any event. (**See id**.) **See also** 18 Pa.C.S.A. §3502(a)(1) (stating person commits burglary if, with intent to commit crime therein, person enters building or occupied structure that is adapted for overnight accommodations in which at time of offense any person is present and person commits, attempts or threatens to commit bodily injury crime). In exchange for Appellant's guilty plea to burglary, the Commonwealth withdrew numerous charges and recommended a sentence of five to ten years' imprisonment, which the court imposed. Nothing in Appellant's guilty plea hearing proceeding suggests Appellant's plea was unknowing, unintelligent, or involuntary. See **Pollard, supra**; **Moser, supra**.

Additionally, the court heard from Appellant and plea counsel at the hearing on Appellant's motion to withdraw his guilty plea. Plea counsel testified, *inter alia*, he met with Appellant on multiple occasions to discuss the strength of Appellant's case and the possibility of entering a guilty plea; reviewed Appellant's prior record score and the offense gravity scores of the crimes charged and informed Appellant about the possible sentences he could face in light of those scores; secured a more favorable plea deal than the Commonwealth initially offered; and, after Appellant agreed to accept the Commonwealth's offer of a recommendation of five to ten years' imprisonment in exchange for Appellant's guilty plea, counsel reviewed the written plea colloquy with Appellant before Appellant signed it. Plea counsel also said Appellant gave no indication that he did not understand what he was doing. The court's decision to deny relief indicates the court credited plea counsel's testimony. **See Dennis, supra**.

> The totality of the circumstances demonstrates Appellant had a full understanding of the nature and consequences of his guilty plea. **See Fluharty, supra**. Therefore, Appellant's ineffectiveness claim lacks arguable merit.

Caswell, No. 309 MDA 2017, slip op. at 12-14.

This Court agrees with the Pennsylvania Superior Court's finding that the Petitioner's plea was voluntary and that the plea colloquy was adequate. Section 2254(e) "establishes a presumption of correctness" of state-court factual decisions which the applicant has the burden of rebutting with "clear and convincing evidence." 28 U.S.C.S. §2254(e). In this case, Petitioner's unsupported assertions that counsel was "being forceful" and "coerced" Petitioner into a guilty does not meet the threshold of "clear and convincing evidence" that the plea he gave prior to being sentenced was involuntary. Additionally, the state court ruling was fairly supported by the record as required by Section 2254(d). Thus, Petitioner's claim that plea counsel was ineffective for forcing him to enter into a guilty plea involuntarily will be denied on the merits.

## V.    Certificate of Appealability

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of

appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" Tomlin v. Britton, 448 Fed.Appx. 224, 227 (3d Cir. 2011) (citing 28 U.S.C. §2253(c)). "Where a district court has rejected the constitutional claims on the merits, ... the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

For the reasons set forth herein, Petitioner has not made a substantial showing of the denial of a constitutional right or that jurists of reason would find it debatable that Court's assessment of the claims debatable or wrong. Accordingly, a COA will not issue.

## VI. **Conclusion**

For the reasons set forth above, the Court will deny the petition for writ of habeas corpus. A separate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 27, 2022**
18-1589-01

- 21 -